IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas A. Mosley, | ) C/A No. 0:11-3136-TMC-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Mildred Rivera, Warden, | ) |
| Respondent. | ) |

Petitioner Douglas A. Mosley ("Petitioner"), a self-represented federal prisoner, filed this habeas action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at the Federal Correctional Institution in Estill, South Carolina. In his Petition and Amended Petition for habeas relief, Petitioner challenges his designation as a career criminal under the Armed Career Criminal Act ("ACCA"), which was used to enhance his federal sentence. Petitioner seeks to have his criminal history revised and be re-sentenced without the career criminal enhancement. Having reviewed the Petition and Amended Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner was convicted by a jury on firearms charges in the United States District Court for the Southern District of Georgia ("Sentencing Court"), and he was sentenced on July 27, 2000 to two hundred and sixty-two (262) months' imprisonment. (ECF No. 1-1;

United States v. Mosley, 4:00-cr-0029 (S.D.Ga. July 28, 2000).)[1] Petitioner filed a direct appeal, and the United States Court of Appeals for the Eleventh Circuit affirmed the Sentencing Court's judgment on March 12, 2001. United States v. Mosley, No. 00-13406, 252 F.3d 411 (11th Cir. 2001)(Table).

On February 7, 2002, Petitioner filed a motion challenging his sentence under 28 U.S.C. § 2255 in the Sentencing Court. United States v. Mosley, 4:00-cr-0029 (S.D.Ga. July 28, 2000). The Sentencing Court denied his motion by order dated June 19, 2002, and the United States Court of Appeals for the Eleventh Circuit subsequently denied Petitioner's request for a certificate of appealability on February 3, 2003. Id. Petitioner also filed a Motion to Reduce Sentence on August 16, 2006, arguing that he was actually innocent of the armed career criminal classification that was used to enhance his sentence. The Sentencing Court denied Petitioner's motion as a successive § 2255 motion on August 30, 2006. Id.

In 2008, Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of a 2007 revision to sentencing guidelines concerning criminal history category and computation of criminal history. Id. The Sentencing Court found the guideline was not retroactive and denied the motion by order dated October 24, 2008. Id. Petitioner's appeal of the denial was dismissed by the Eleventh Circuit for failure to pay the filing fee on December 11, 2008. Id. Subsequently, on September 24, 2009, Petitioner filed another motion in the Sentencing Court attacking

---

[1] The court takes judicial notice of Petitioner's criminal proceeding. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").



the application of the ACCA to enhance his federal sentence.  Id.  The motion was dismissed as another successive § 2255 motion by order dated October 19, 2009.  *Id.*

Petitioner is currently incarcerated within the jurisdiction of the District of South Carolina, and has filed a habeas Petition with attachments pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  (ECF No. 1.)  The Petition references the attached memorandum in support of the Petition to state Petitioner's grounds for relief.  (ECF No. 1-1.)  The attachments to the Petition also include documents from Petitioner's federal criminal case, including the indictment, judgment, pre-sentence investigation report, and part of the transcript of the sentencing hearing.  (ECF Nos. 1-2, 1-3, 1-4, 1-5, & 1-6.)  Petitioner also attached an Inmate Skills Development Plan showing activities of rehabilitation completed by Petitioner while incarcerated.  (ECF No. 1-7.)  On December 29, 2011, Petitioner filed a "Supplement Amendment" to his § 2241 Petition, which provides further detail on his arguments challenging his federal sentence.  (ECF No. 8.)

Petitioner was sentenced as a career criminal based in part on a prior state conviction that Petitioner contends does not qualify under the Armed Career Criminal Act.  Petitioner also argues his sentence was illegally enhanced by increasing his criminal history category based on alleged illegal but uncharged conduct, in violation of the recent case of United States v Simmons, 649 F.3d 237 (4th Cir. 2011).  (ECF No. 1-1 at 3.)  Petitioner contends that "[b]ecause a second and succes[s]ive section 2255 motion is inadequate and unavailable as a remedy, [Petitioner] has filed this petition pursuant to 28 U.S.C. § 2241 with this court."  (ECF No. 1-1 at 2.)  Petitioner also argues he is actually innocent as a career criminal.  (ECF No. 8.)  Petitioner seeks to be re-sentenced without the career criminal designation.

PJG

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the

*PJG*

court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678–79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

Petitioner is attacking the validity of his federal sentence, and "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2255 states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.



28 U.S.C. § 2255(a).  In his § 2241 habeas petition, Petitioner claims he was sentenced as a career criminal under the ACCA and his prior state convictions were insufficient to meet the criteria to classify him as a career criminal.  He reasons that he is actually innocent of the career criminal designation.  He further alleges his criminal history category was increased based on alleged illegal but uncharged conduct, which is in violation of a recent Fourth Circuit case.[2]  Petitioner challenges his federal sentence, so the proper avenue for relief would be a § 2255 motion in the Sentencing Court, rather than through a § 2241 habeas petition in this court, the district where Petitioner is confined.

Only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention," is a petition under § 2241 available for a federal prisoner to collaterally attack his sentence.  28 U.S.C. § 2255(e).  The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless* it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).  Petitioner has been denied relief under § 2255 several times by the court that sentenced him.  Thus, Petitioner's § 2241 Petition cannot be considered unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.

---

[2] The Fourth Circuit case cited by Petitioner, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), is a direct appeal in a criminal case, not a collateral attack, and the decision vacating the federal sentence was based on the application of North Carolina law. Therefore Simmons is not applicable to Petitioner's § 2241 habeas action challenging the use of a prior Georgia conviction to enhance his federal sentence.



Petitioner's motion for relief pursuant to § 2255 in the Sentencing Court was denied, and Petitioner argues that "[b]ecause a second and successive section 2255 motion is inadequate and unavailable as a remedy," he can now file under § 2241. (ECF No. 1-1 at 2.) However, the Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the armed career criminal provision. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility

stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333–34). Accordingly, Petitioner has not raised a claim that may be presented in a § 2241 petition.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the Petition and Amended Petition be dismissed without prejudice and without requiring a response by the Respondent.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 23, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).